**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br>JOEL WRIGHT,<br>                            Defendant. | Case No.: 16-CR-354-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On September 16, 2020, Defendant Joel Wright filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition, and Defendant filed a reply. For the reasons given herein, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On April 13, 2016, Defendant Wright pled guilty to one count of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). (ECF Nos. 24, 26.) Defendant was sentenced to 188 months in prison, followed by a lifetime term of supervised release. (ECF No. 45.) Defendant's projected release date is in June of 2029. (ECF No. 51 at 2.)

Defendant is twenty-eight years old; he suffers from a range of medical conditions, as described in detail in his sealed filings. (*See* ECF No. 54; Ex. J to ECF No. 51.)

Defendant is currently incarcerated in FCI Danbury. (ECF No. 51 at 1.) Based on these allegations and the risks associated with COVID-19, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking a reduction of his sentence to time served. (*Id.*) The United States opposes Defendant's motion. (ECF No. 60.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of FCI Danbury, which was denied on April 30, 2020. (Ex. Q to ECF No. 51.) Accordingly, the Court addresses the merits of Defendant's motion.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community." *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant argues he is eligible for compassionate release because his disabilities and underlying health conditions, in combination with his conditions of confinement, render him unable to care for himself and make him particularly susceptible to COVID-19. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

The United States does not address Defendant's medical issues in its response. Rather, it contends even if Defendant has presented "extraordinary and compelling reasons," he is not entitled to compassionate release because he has neither demonstrated that he is not a danger to others or the community nor that the § 3553 factors weigh in favor of release. The Court agrees and thus need not decide whether Defendant's conditions constitute "extraordinary and compelling reasons."

2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community,

as provided in 18 U.S.C. § 3142(g)."[1]  U.S.S.G. § 1B1.13(1)(A), (2), cmt. 1.  To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.  These factors overlap with the § 3553(a) factors.

Here, the disturbing nature of Defendant's crime and his predatory conduct present significant public safety concerns.  Defendant was convicted for attempting to "rent" female infants in order to sexually abuse them.  (*See* Pre-Sentence Report ("PSR"), ECF No. 33, ¶¶ 5–24.)  Defendant, who had previously posted an advertisement volunteering to babysit young children, stated in his online communications that he had prior sexual experience with infants.  (*Id.* ¶¶ 9, 25.)  After numerous discussions in which he declared in detail his intentions to "adopt" and rape young girls, Defendant made plans to travel for that purpose and was arrested after flying cross-country with candy, lubrication, children's pain medication, and cash in his duffle bag, (*Id.* ¶¶ 15–21.)

---

[1] Defendant argues U.S.S.G. § 1B1.13's dangerousness requirement applies only to a "sentencing reduction" under 18 U.S.C. § 3582(c)(1)(A)(ii) and not to "compassionate release" under § 3582(c)(1)(A)(i). (ECF No. 61 at 2 n.1.)  The Court finds this argument unpersuasive.  The First Step Act provides that a sentence reduction under either subsection of § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The relevant policy statement, U.S.S.G. § 1B1.13, states that a court may reduce a term of imprisonment if it finds all three of the following: (1) the defendant has either presented extraordinary and compelling reasons or met statutory criteria regarding his age and sentence; (2) the defendant is not a danger to the community; and (3) the reduction is consistent with the policy statement.  Accordingly, the Court addresses dangerousness regardless of how the defendant satisfies the first element.  *See* U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons," but noting defendant must meet "requirements of subdivision (2)," *i.e.*, dangerousness analysis).  In any event, even if Defendant were correct, the § 3553(a) factors encompass dangerousness by requiring the Court to consider the need to protect the public, as Defendant acknowledges.

Defendant argues his health and disabilities have worsened while incarcerated, making him less dangerous than he was at the time of the offense. The United States contends Defendant was already legally blind with restricted mobility when he committed his crime, and that these conditions did not prevent him from repeated online solicitations and cross-country and international travel. Although the Court credits Defendant's evidence that Defendant's conditions have worsened while in custody, the Court agrees with the United States that Defendant's abilities are not so diminished as to render him unable to recidivate.

Defendant points to additional factors such as community support, but after consideration, the Court finds these factors do not outweigh the nature and seriousness of the danger Defendant presents. Defendant has not met his burden to show he would not pose a danger to the community if released. Moreover, even if he could make such a showing, the balance of the § 3553(a) factors weigh decidedly against release, as discussed below.

3. <u>§ 3553(a) Factors</u>

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D). The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant argues that the time he has already served—approximately one-third of his 188-month sentence—is sufficient to satisfy the purposes of sentencing. Defendant contends that his blindness has made his incarceration more punitive, and points to his family support and desire to seek help.

Many of the § 3553(a) factors overlap with the § 3142(g) factors already addressed, including the seriousness of the offense, protection of the public, and history and characteristics of the defendant. The Court acknowledges Defendant's history and characteristics, including positive support from family members and others as well as his various health ailments and difficult childhood. On balance, however, the § 3553(a) factors weigh squarely against release. As discussed above, there is a strong need to protect the public, and as Defendant rightfully recognizes, his offense was "incredibly serious." (ECF No. 51 at 28.) Moreover, given the nature of Defendant's conduct, the need to provide just punishment and promote respect for law in this case is significant. Defendant has a lengthy amount of time remaining on his sentence. "To so dramatically reduce [Defendant's] sentence … would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law." *United States v. Asmodeo*, 2020 WL 3268530, at *3 (S.D.N.Y. June 17, 2020) (denying motion for compassionate release where defendant was sentenced to 180 months for sexual exploitation of children and granting release would cut defendant's sentence by nearly two-thirds).

In sum, Defendant's 188-month sentence is not greater than necessary to address § 3553(a)'s overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

///

Dated: December 21, 2020

Hon. Dana M. Sabraw
United States District Judge

7

16-CR-354-DMS